IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02530-BNB

INGMAR GILLON,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
WARDEN BLAKE DAVIS,
US PENITENTIARY - Florence, Colorado,
CASE MANAGER CASTRO,
CASE MANGER SULLIVAN,
UNIT MANAGER WILNER,
COUNSELOR HANSEN,
MICHAEL NALLEY, Administrative Remedy Coordinator,
HAROLD WATTS, Administrative Remedy Coordinator,
BALLANTONI, Head of Education,
S. OPPENHEIMER, Business Office,
UNKNOWN OFFICER, a/k/a TELEMUNDO, Business Office,
UNKNOWN OFFICER, a/k/a MR. C, Food Service Officer,
ECK, Recreation Officer,
BLANKE, Health Service PA,
HUTTLESON, Health Service PA,
UNKNOWN CHAPLAIN(S),
ESTRADA, SHU Property Officer,
REGAN, Compound Officer,
LIEUTENANT LINCOLN,
LIEUTENANT WACKER,
LIEUTENANT, or Correctional Officer, N. NELSON,
LIEUTENANT PEMMENTIEL (phonetically),
LIEUTENANT EADS,
LIEUTENANT WELLES,
LIEUTENANT CORDOVA,
LIEUTENANT UNKNOWN,
CORRECTIONAL OFFICER MONTOYA,
CORRECTIONAL OFFICER VASQUEZ,
CORRECTIONAL OFFICER STEPGALL,
CORRECTIONAL OFFICER KELLEN,
CORRECTIONAL OFFICER HESS,
CORRECTIONAL OFFICER LEWIS,
CORRECTIONAL OFFICER HARRINGTON,
CORRECTIONAL OFFICER GOODE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 18 2009

GREGORY C. LANGHAM
               CLERK

CORRECTIONAL OFFICER MEYERS,
CORRECTIONAL OFFICER ROY,
CORRECTIONAL OFFICER PHILIPS,
CORRECTIONAL OFFICER UNKNOWN, a/k/a the MAD RUSSIAN,
CORRECTIONAL OFFICER ESTRADA,
CORRECTIONAL OFFICER WHITCOMB,
CORRECTIONAL OFFICER BURBANK,
CORRECTIONAL OFFICER ARMIJO,
CORRECTIONAL OFFICER ROGAINOV (or RAGAINOSKI),
CORRECTIONAL OFFICER TAYLON,
CORRECTIONAL OFFICER DOVE,
CORRECTIONAL OFFICER HAGANS,
CORRECTIONAL OFFICER KENT,
CORRECTIONAL OFFICER DUVAL,
CORRECTIONAL OFFICER LEGER,
CORRECTIONAL OFFICER RODRIGUEZ,
CORRECTIONAL OFFICER COWLEY,
CORRECTIONAL OFFICER COLE,
THREE UNKNOWN CORRECTIONAL OFFICERS, and
USP FLORENCE , Mail Room, Commissary, and Food Service,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT

---

Plaintiff, Ingmar Gillon, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Florence, Colorado. Mr. Gillon, acting *pro se*, has filed a Prisoner Complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), alleging that his rights under the United States Constitution have been violated. The Court must construe the Complaint liberally because Mr. Gillon is not represented by an attorney. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's

2

advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Gillon will be ordered to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Gillon fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Gillon has presented his claims in a narrative chronological format, along with unnecessary commentaries, rather than asserting the claims in a short and concise statement. Therefore, Mr. Gillon will be directed to file an Amended

Complaint that complies with the pleading requirements of Rule 8. Mr. Gillon is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Gillon further is instructed that "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Gillon also should take note that in any retaliation claim, "[m]ere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." **Frazier v. Dubois**, 922 F.2d 560, 562 n.1 (10th Cir. 1990); see **Peterson v. Shanks**, 149 F.3d 1140, 1144 (10th Cir. 1998) (a plaintiff must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions"). Therefore, if Mr. Gillon asserts retaliation in the Amended Complaint he must demonstrate that Defendants' motives were the "but for" cause of their actions. Accordingly, it is

ORDERED that Mr. Gillon file an Amended Complaint as instructed above, **within thirty days from the date of this Order.** It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gillon, together with a copy of this Order, two copies of the Court-approved form used in filing prisoner complaints. It is

FURTHER ORDERED that if Mr. Gillon fails to properly amend the Complaint, **within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED December 18, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02530-BNB

Ingmar Gillon
Reg No. 08242-029
USP - Atwater
P.O. Box 019001
Atwater, CA 95301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** form to the above-named individuals on 12/18/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk