IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02530-BNB

INGMAR GILLON,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
WARDEN BLAKE DAVIS,
US PENITENTIARY - Florence, Colorado,
CASE MANAGER CASTRO,
CASE MANGER SULLIVAN,
UNIT MANAGER WILNER,
COUNSELOR HANSEN,
MICHAEL NALLEY, Administrative Remedy Coordinator,
HAROLD WATTS, Administrative Remedy Coordinator,
BALLANTONI, Head of Education,
S. OPPENHEIMER, Business Office,
UNKNOWN OFFICER, a/k/a TELEMUNDO, Business Office,
UNKNOWN OFFICER, a/k/a MR. C, Food Service Officer,
ECK, Recreation Officer,
BLANKE, Health Service PA,
HUTTLESON, Health Service PA,
UNKNOWN CHAPLAIN(S),
ESTRADA, SHU Property Officer,
REGAN, Compound Officer,
LIEUTENANT LINCOLN,
LIEUTENANT WACKER,
LIEUTENANT, or Correctional Officer, N. NELSON,
LIEUTENANT PEMMENTIEL (phonetically),
LIEUTENANT EADS,
LIEUTENANT WELLES,
LIEUTENANT CORDOVA,
LIEUTENANT UNKNOWN,
CORRECTIONAL OFFICER MONTOYA,
CORRECTIONAL OFFICER VASQUEZ,
CORRECTIONAL OFFICER STEPGALL,
CORRECTIONAL OFFICER KELLEN,
CORRECTIONAL OFFICER HESS,
CORRECTIONAL OFFICER LEWIS,
CORRECTIONAL OFFICER HARRINGTON,
CORRECTIONAL OFFICER GOODE,
CORRECTIONAL OFFICER MEYERS,
CORRECTIONAL OFFICER ROY,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 25 2010

GREGORY C. LANGHAM
             CLERK

CORRECTIONAL OFFICER PHILIPS,
CORRECTIONAL OFFICER UNKNOWN, a/k/a the MAD RUSSIAN,
CORRECTIONAL OFFICER ESTRADA,
CORRECTIONAL OFFICER WHITCOMB,
CORRECTIONAL OFFICER BURBANK,
CORRECTIONAL OFFICER ARMIJO,
CORRECTIONAL OFFICER ROGAINOV (or RAGAINOSKI),
CORRECTIONAL OFFICER TAYLON,
CORRECTIONAL OFFICER DOVE,
CORRECTIONAL OFFICER HAGANS,
CORRECTIONAL OFFICER KENT,
CORRECTIONAL OFFICER DUVAL,
CORRECTIONAL OFFICER LEGER,
CORRECTIONAL OFFICER RODRIGUEZ,
CORRECTIONAL OFFICER COWLEY,
CORRECTIONAL OFFICER COLE,
THREE UNKNOWN CORRECTIONAL OFFICERS, and
USP FLORENCE , Mail Room, Commissary, and Food Service,

     Defendants.

## ORDER

On January 4, 2010, Plaintiff Ingmar Gillon, a *pro se* prisoner litigant, filed a pleading titled "Plaintiff's Motion to Alter of [sic] Amend Judge's Order with Exhibit A." In the Motion to Alter, Mr. Gillon objects to the Order entered on December 18, 2009, by Magistrate Judge Boyd N. Boland that directed him to file an Amended Complaint. Mr. Gillon also filed a pleading titled "Plaintiff's Objections to Judge's Order" on January 11, 2009. In the January 11 pleading, Mr. Gillon objects to the Minute Order entered on December 22, 2009, by Magistrate Judge Boland that denied his December 21, 2009 Motion of Verified Statement as moot. For the reasons stated below, the Motion to Alter and the Objection will be construed as Objections filed pursuant to 28 U.S.C. § 636(b)(1)(A) and will be overruled.

2

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine whether it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that the December 18, 2009 Order is not clearly erroneous or contrary to law. As explained by Magistrate Judge Boyd N. Boland in the December 18 Order, Mr. Gillon must comply with Fed. R. Civ. P. 8. Magistrate Judge Boland also instructed Mr. Gillon to assert what each defendant did to violate his rights in keeping with **Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center**, 492 F.3d 1158, 1163 (10th Cir. 2007).

In the January 4, 2010 Objection, Mr. Gillon asserts that he has complied with Rule 8 and his "commentaries," which Magistrate Judge Boland determined were unnecessary, are required to survive a motion for summary judgment or a motion to dismiss. Currently, neither a motion for summary judgment nor a motion to dismiss are at issue in Mr. Gillon's case. What is at issue is whether Mr. Gillon's claims meet the requirements set forth in 28 U.S.C. § 1915(e)(2)(B) and in Fed. R. Civ. P. 8.

This Court finds that in the text of Mr. Gillon's Complaint he fails to assert claims against several of the defendants named in the caption of the Complaint. Mr. Gillon also fails to name in the caption at least one individual against whom he asserts claims in the text of the Complaint. The Court also notes that to the extent Mr. Gillon claims a denial of due process simply because BOP staff may have failed to follow BOP Program Statements or CFR's, in **Hovater v. Robinson,** 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) (citing **Davis v. Scherer,** 468 U.S. 183, 194 (1984)), the Tenth Circuit stated that "a failure to adhere to administrative regulations does not equate to a constitutional

3

violation." Mr. Gillon refers to violations of the CFR's throughout his Complaint. A violation of the CFR's, *per se*, does not state a claim under 42 U.S.C. § 1983. Moreover, "[d]efendants are prejudiced by having to respond to pleadings as wordy and unwieldy" as Mr. Gillon's pleadings. ***Nasious***, 492 F.3d at 1162-63 (citing ***Mann v. Boatwright***, 477 F.3d 1140, 1148 (10th Cir. 2007); ***Knox v. First Sec. Bank of Utah***, 196 F.2d 112, 117 (10th Cir. 1952)).

The Court also finds that the Complaint improperly combines a number of separate and unrelated claims against various defendants into one action. Pursuant to Rule 18(a) of the Federal Rules of Civil Procedure, "[a] party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." However, the issue of whether multiple defendants may be joined in a single action is governed by Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides:

> (2) ***Defendants***. Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Mr. Gillon asserts nineteen claims against fifty-six defendants. Each claim asserts a separate incident. The nineteen incidents involve the alleged actions of various defendants and raise a wide range of issues including: (1) illegal cell searches

4

and the taking of property; (2) improper classification reviews; (3) denial of access to the law library; (4) an assault on Mr. Gillon; (5) delayed access to mail; (6) denial of access to grievance procedure; (7) sleep disturbances caused by prison staff; (8) unfit and inadequate food; (9) denial of legal supplies, including paper, stapler, photocopies, and scale; (10) denial of access to the courts; (11) denial of access to commissary items; (12) denial of pain medication; (13) disciplinary conviction; (14) denial of inside recreation; (15) denial of work opportunity; and (16) denial of free exercise of religion. Some of these incidents appear to be related. For example, in Claims Three, Ten, Eleven, and Twelve, Mr. Gillon asserts that he was denied access to the courts. However, even assuming Claims Three, Ten, Eleven, and Twelve may be raised in one action, these claims are not related to Mr. Gillon's other claims against other Defendants regarding, for example, denial of pain medication, inside recreation, work opportunity, and free exercise of religion.

      Requiring adherence in prisoner suits to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. The Court may dismiss improper parties. *See id.* Nonetheless, the Court will refrain from dismissing improper parties at this time because Mr. Gillon must determine which claims he desires to pursue in this action. Mr. Gillon, therefore, is instructed to amend his Complaint in keeping with the joinder requirements of the Federal Rules of Civil Procedure.

5

As for Mr. Gillon's January 11, 2010 Objection, the Court finds that Magistrate Judge Boland's December 22, 2009 Minute Order is not clearly erroneous or contrary to law.  Mr. Gillon objects to the December 22 Minute Order because the order denies his "Motion of Verified Statement Objecting to Judge's Order with Exhibit A" (Doc. No. 8) as moot.  Mr. Gillon contends that Magistrate Judge Boland erred in denying Document No. 8 as moot because Document No. 8 was filed in response to Magistrate Judge Boland's directive that Mr. Gillon have a prison staff member verify Mr. Gillon was unable to obtain the required $6.00 initial partial filing fee.

Mr. Gillon, however, fails to acknowledge in the January 11 Objection that prior to December 21, 2009, when Document No. 8 was filed, the Clerk of the Court received the $6.00 payment on December 14, 2009.  Therefore, a verified statement regarding Mr. Gillon's inability to obtain the monies did not need to be filed with the Court.  Mr. Gillon's January 11 Objection is without merit and borders on being abusive.  Mr. Gillon is warned that the Court will not tolerate abusive litigation tactics.  **See DePineda v. Hemphill**, 34 F.3d 946 (10th Cir. 1994).

To the extent in the January 11 Objection Mr. Gillon seeks to raise a First Amendment claim regarding denial of access to the Court, due to the actions of the prison staff at the United States Penitentiary in Atwater, California, where he currently is incarcerated, the claim is improperly raised in this Court.  See 28 U.S.C. § 1391.  Based on the above findings, it is

ORDERED that Mr. Gillon's "Motion to Alter of [sic] Amend Judge's Order with Exhibit A" (Doc. No. 11) and his "Objections to Judge's Order" (Doc. No. 12) are

construed as Objections filed pursuant to 28 U.S.C. § 636(b)(1)(A) and are overruled. It is

FURTHER ORDERED that Mr. Gillon shall have **thirty days from the date of this Order** to file an Amended Complaint as instructed above. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Gillon, together with a copy of this Order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the Amended Prisoner Complaint. It is

FURTHER ORDERED that if Mr. Gillon fails to comply within the time allowed the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this 25 day of January, 2010.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA L. WEINSHIENK, Senior Judge
UNITED STATES DISTRICT COURT

7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02530-BNB

Ingmar Gillon
Reg No. 08242-029
USP - Atwater
P.O. Box 019001
Atwater, CA 95301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 1/25/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk