IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02530-BNB

INGMAR GILLON,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
WARDEN BLAKE DAVIS,
US PENITENTIARY - Florence, Colorado,
CASE MANAGER CASTRO,
CASE MANGER SULLIVAN,
UNIT MANAGER WILNER,
COUNSELOR HANSEN,
MICHAEL NALLEY, Administrative Remedy Coordinator,
HAROLD WATTS, Administrative Remedy Coordinator,
BALLANTONI, Head of Education,
S. OPPENHEIMER, Business Office,
UNKNOWN OFFICER, a/k/a TELEMUNDO, Business Office,
UNKNOWN OFFICER, a/k/a MR. C, Food Service Officer,
ECK, Recreation Officer,
BLANKE, Health Service PA,
HUTTLESON, Health Service PA,
UNKNOWN CHAPLAIN(S),
ESTRADA, SHU Property Officer,
REGAN, Compound Officer,
LIEUTENANT LINCOLN,
LIEUTENANT WACKER,
LIEUTENANT, or Correctional Officer, N. NELSON,
LIEUTENANT PEMMENTIEL (phonetically),
LIEUTENANT EADS,
LIEUTENANT WELLES,
LIEUTENANT CORDOVA,
LIEUTENANT UNKNOWN,
CORRECTIONAL OFFICER MONTOYA,
CORRECTIONAL OFFICER VASQUEZ,
CORRECTIONAL OFFICER STEPGALL,
CORRECTIONAL OFFICER KELLEN,
CORRECTIONAL OFFICER HESS,
CORRECTIONAL OFFICER LEWIS,
CORRECTIONAL OFFICER HARRINGTON,
CORRECTIONAL OFFICER GOODE,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 29 2010

GREGORY C. LANGHAM
            CLERK

CORRECTIONAL OFFICER MEYERS,
CORRECTIONAL OFFICER ROY,
CORRECTIONAL OFFICER PHILIPS,
CORRECTIONAL OFFICER UNKNOWN, a/k/a the MAD RUSSIAN,
CORRECTIONAL OFFICER ESTRADA,
CORRECTIONAL OFFICER WHITCOMB,
CORRECTIONAL OFFICER BURBANK,
CORRECTIONAL OFFICER ARMIJO,
CORRECTIONAL OFFICER ROGAINOV (or RAGAINOSKI),
CORRECTIONAL OFFICER TAYLON,
CORRECTIONAL OFFICER DOVE,
CORRECTIONAL OFFICER HAGANS,
CORRECTIONAL OFFICER KENT,
CORRECTIONAL OFFICER DUVAL,
CORRECTIONAL OFFICER LEGER,
CORRECTIONAL OFFICER RODRIGUEZ,
CORRECTIONAL OFFICER COWLEY,
CORRECTIONAL OFFICER COLE,
THREE UNKNOWN CORRECTIONAL OFFICERS, and
USP FLORENCE , Mail Room, Commissary, and Food Service,

Defendants.

## ORDER GRANTING MOTION TO AMEND AND ALTER

Mr. Gillon currently is in the custody of the United States Bureau of Prisons and currently is incarcerated at the U.S. Penitentiary in Atwater, California. The matter before the Court is the Motion to Alter or Amend Judge's Order that Mr. Gillon, a *pro se* litigant, filed on March 19, 2010. Mr. Gillon seeks reconsideration of the Order of Dismissal that was entered on March 4, 2010, and reinstatement of the case pursuant to Fed. R. Civ. P. 59(e) or 60(b).

This action was dismissed without prejudice because Mr. Gillon failed to comply with the Court's order entered on January 25, 2010. On February 22, 2010, this Court

denied Mr. Gillon's objection to the January 25 Order and instructed him to comply with the order. On March 4, 2010, the Court denied the instant action because Mr. Gillon failed to comply within the time allowed.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Gillon's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on March 4, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on March 19, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to

correct clear error or prevent manifest injustice. See *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

On March 15, 2010, the Court received a request for an extension of time from Mr. Gillon. The request was signed and dated on March 9, 2010. The Court denied the request because the action was dismissed on March 4, 2010. In the Motion to Alter or Amend, Mr. Gillon does not address the February 22 Order, although the order is discussed in the March 4 Order of Dismissal. Mr. Gillon also asserts that he did not receive the March 4 Order of Dismissal until March 12, 2010.

Mr. Gillon was required to comply with the January 25 Order within thirty days, or by February 24. The Court did not dismiss the action until March 4, ten days after the date by which Mr. Gillon was to file an amended complaint, which normally is sufficient time for Mr. Gillon to receive the February 22 Order and to submit a request for an extension of time to amend the Complaint if necessary prior to the action being dismissed.

Furthermore, it is clear that Mr. Gillon knew prior to the February 22 Order that he was not going to comply with the February 24 date to file an amended complaint. In the March 15 request for an extension of time, Mr. Gillon asked for a ninety-day extension to file an amended complaint because he had other litigation that was pending in the Tenth Circuit Court of Appeals. He also stated that he is missing a copy of Claim Nineteen from his original Complaint, which he claimed he needed to amend

4

and knew he was missing as early as February 9, 2010.

The Court finds that for the most part Mr. Gillon's excuses for not complying with the Court's Orders of January 25 and February 22 within the time allowed are unavailing. Nonetheless, due to the time Mr. Gillon alleges it took for him to receive the March 4 Order of Dismissal, eight days, the Court finds Mr. Gillon also may not have received the Court's February 22 Order in a timely manner prior to the Court dismissing the action on March 4. The Court, therefore, will grant his Motion to Alter or Amend and reinstate the action.

Although the Court will allow Mr. Gillon an extension of time to file an amended complaint, the Court finds no need for a ninety-day extension. Mr. Gillon will be allowed thirty days from the date of this order to file an amended complaint. No further extensions will be granted without just cause. Accordingly, it is

ORDERED that Plaintiff's Motion to Alter or Amend Judge's Order (Doc. No. 25) filed on March 19, 2010, is construed as filed pursuant Fed. R. civ. P. 59(e) and is granted. It is

FURTHER ORDERED that the Order of Dismissal and the Judgment, both filed on March 4, 2010, are vacated. It is

FURTHER ORDERED that the Clerk of the Court is directed to reinstate and return this action to the *pro se* docket. It is

FURTHER ORDERED that Mr. Gillon has thirty days from the date of this Order to file an amended complaint. Such amended complaint <u>must be docketed in the Court Clerk's office on or before April 26, 2010</u>. If Mr. Gillon fails to comply within the time allowed, the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this  25th  day of   March   , 2010.

                      BY THE COURT:

                      *Christine M. Arguello*

                      _____
                      CHRISTINE M. ARGUELLO
                      United States District Judge, for
                      ZITA LEESON WEINSHIENK, Senior Judge
                      United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02530-BNB

Ingmar Gillon
Reg No. 08242-029
USP - Atwater
P.O. Box 019001
Atwater, CA 95301

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/29/10

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk