IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02530-ZLW

INGMAR GILLON,

    Plaintiff,

v.

THE FEDERAL BUREAU OF PRISONS,
WARDEN BLAKE DAVIS,
US PENITENTIARY - Florence, Colorado,
CASE MANAGER CASTRO,
CASE MANGER SULLIVAN,
UNIT MANAGER WILNER,
COUNSELOR HANSEN,
MICHAEL NALLEY, Administrative Remedy Coordinator,
HAROLD WATTS, Administrative Remedy Coordinator,
BALLANTONI, Head of Education,
S. OPPENHEIMER, Business Office,
UNKNOWN OFFICER, a/k/a TELEMUNDO, Business Office,
UNKNOWN OFFICER, a/k/a MR. C, Food Service Officer,
ECK, Recreation Officer,
BLANKE, Health Service PA,
HUTTLESON, Health Service PA,
UNKNOWN CHAPLAIN(S),
ESTRADA, SHU Property Officer,
REGAN, Compound Officer,
LIEUTENANT LINCOLN,
LIEUTENANT WACKER,
LIEUTENANT, or Correctional Officer, N. NELSON,
LIEUTENANT PEMMENTIEL (phonetically),
LIEUTENANT EADS,
LIEUTENANT WELLES,
LIEUTENANT CORDOVA,
LIEUTENANT UNKNOWN,
CORRECTIONAL OFFICER MONTOYA,
CORRECTIONAL OFFICER VASQUEZ,
CORRECTIONAL OFFICER STEPGALL,
CORRECTIONAL OFFICER KELLEN,
CORRECTIONAL OFFICER HESS,
CORRECTIONAL OFFICER LEWIS,
CORRECTIONAL OFFICER HARRINGTON,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -7 2010

GREGORY C. LANGHAM
              CLERK

CORRECTIONAL OFFICER GOODE,
CORRECTIONAL OFFICER MEYERS,
CORRECTIONAL OFFICER ROY,
CORRECTIONAL OFFICER PHILIPS,
CORRECTIONAL OFFICER UNKNOWN, a/k/a the MAD RUSSIAN,
CORRECTIONAL OFFICER ESTRADA,
CORRECTIONAL OFFICER WHITCOMB,
CORRECTIONAL OFFICER BURBANK,
CORRECTIONAL OFFICER ARMIJO,
CORRECTIONAL OFFICER ROGAINOV (or RAGAINOSKI),
CORRECTIONAL OFFICER TAYLON,
CORRECTIONAL OFFICER DOVE,
CORRECTIONAL OFFICER HAGANS,
CORRECTIONAL OFFICER KENT,
CORRECTIONAL OFFICER DUVAL,
CORRECTIONAL OFFICER LEGER,
CORRECTIONAL OFFICER RODRIGUEZ,
CORRECTIONAL OFFICER COWLEY,
CORRECTIONAL OFFICER COLE,
THREE UNKNOWN CORRECTIONAL OFFICERS, and
USP FLORENCE , Mail Room, Commissary, and Food Service,

        Defendants.

## ORDER DENYING MOTION TO ALTER JUDGMENT

This matter before the Court is the "Plaintiff's Motion to Alter or Amend Judge's Order" that Plaintiff Ingmar Gillon, a *pro se* prisoner litigant, filed on May 28, 2010. Mr. Gillon is in the custody of the United States Bureau of Prisons and currently is incarcerated at the United States Penitentiary in Atwater, California. Mr. Gillon seeks reconsideration of the Order of Dismissal and the Judgment entered on May 12, 2010, in this action. The Court must construe the Motion liberally because Mr. Gillon is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Gillon's Motion to Alter or Amend pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on May 12, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The instant Motion was filed on May 28, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Motion, therefore, is properly filed as a motion to alter or amend the judgment pursuant to Rule 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to alter or amend is appropriate

where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Gillon argues, relying on *Houston v. Lack*, 487 U.S. 266 (1988), that the Amended Complaint he dated on May 5, 2010, was timely filed because the "envelope was stamped by institution staff and sworn under the penalty of perjury." (Mot. at 2.) Mr. Gillon further contends that the Cover Letter he submitted along with the Amended Complaint is evidence of the date the Amended Complaint was filed. Even though he states in the Cover Letter that the "complaint was mailed through prison mail system on May 5, 2010, to the U.S. District Court addressed above as stamped by U.S.P. Atwater's Mail Room on back of envelope for timely filing of May 7, 2010, by U.S. District Court Judge Arguello's order of Apr. 14, 2010, p. 4," next to his signature on the Cover Letter, Mr. Gillon has written "May 7, 2010."

Whether or not Mr. Gillon's Amended Complaint was mailed from the Atwater prison facility on May 5 or May 7, 2010, the Complaint was not received by the Clerk of the Court until May 10, 2010. It is true that under *Houston* a pleading is considered filed when a prisoner delivers the pleading to prison authorities for forwarding to the court. *Houston*, 487 U.S. 270. The ruling under *Houston*, however, was based on the prison authorities' failure to forward a prisoner's pleading promptly, which is not the issue in Mr. Gillon's case.

Mr. Gillon waited until at the earliest two days prior to when the Amended Complaint was due in this Court to present the Amended Complaint to prison staff for mailing. It is highly unlikely that Mr. Gillon intended to comply with the Court's April 14

4

Order within the time provided given in that he only allowed at the most two days for the Amended Complaint to be received by this Court.

Mr. Gillon has been given more than a sufficient amount of time to amend his Complaint. Originally, on December 18, 2009, Magistrate Judge Boland directed Mr. Gillon to file an Amended Complaint. Mr. Gillon objected to Magistrate Judge Boland's directive. The Court denied the objection on January 25, 2010, and instructed Mr. Gillon to file an Amended Complaint by February 24, 2010. Mr. Gillon challenged the January 25 Order, but the Court denied the challenge and instructed Mr. Gillon to file an Amended Complaint as instructed by Magistrate Judge Boland. Subsequently, on March 4, 2010, the Court dismissed the action for failure to file the Amended Complaint within the time allowed.

Mr. Gillon filed a Motion to Alter Judgment, and the Court, although finding for the most part that his excuses for not complying with the January 25 Order to file an Amended Complaint were unavailing, granted the Motion to Alter Judgment and reopened the action. When the Court reopened the case on March 29, 2010, Mr. Gillon was allowed twenty-eight days or until April 26, 2010, to file an Amended Complaint. Mr. Gillon then was given an additional eleven days until May 7, 2010, to file his Amended Complaint. Mr. Gillon had a total of 140 days to file an Amended Complaint. The Court, nonetheless, will not deny Mr. Gillon's Motion to Reconsider based on the untimely filing. Instead, the Court will deny the Motion for the reasons stated below.

The Court has reviewed the substance of the Amended Complaint Mr. Gillon filed on May 10, 2010, and finds that Mr. Gillon still fails to comply with the Court orders entered on December 18, 2009, and January 25, 2010. Mr. Gillon was instructed in the

December 18 Order that he failed to set forth a short and plain statement of his claims showing that he is entitled to relief. Also, in the December 18 Order, Magistrate Judge Boyd N. Boland pointed out that Mr. Gillon presented his claims in a narrative chronological format rather than asserting his claims in a short and concise statement as required under Fed. R. Civ. P. 8. Mr. Gillon further was instructed that to state a retaliation claim he must demonstrate the alleged retaliatory motives were the "but for" cause of the defendant's action, and he must allege specific facts showing that defendants retaliated against him for exercising his constitutional rights.

In the January 25 Order, Mr. Gillon was instructed to amend the Complaint in keeping with the federal rules governing joinder of parties and claims. The Court also instructed Mr. Gillon that a BOP staff member's failure to follow BOP program statements or federal regulations does not, *per se*, state a violation of his due process rights.

In the Amended Complaint filed on May 10, 2010, Mr. Gillon lists at least fifty-four defendants. Although he identifies only seven claims, under each claim he lists a multitude of subclaims in a narrative format. Each of the claims appear to involve separate incidents and for the most part involve different individuals. In Claim One, Mr. Gillon appears to assert that his locker was searched, that property was removed, and that he was denied information regarding the search of his locker. Mr Gillon contends Defendant Warden Davis violated his Fifth Amendment rights because he failed to provide him information regarding the incident, that Defendant Telemundo violated statutes and program statements in requesting that Mr. Gillon's locker be searched, and

that Defendants Masse and Telemundo violated his First Amendment right against retaliation.

In Claim Two, Mr. Gillon raises what appears to be a classification claim, an harassment claim, and a mishandled mail claim against several different defendants . In Claim Three, Mr. Gillon again challenges his classification review and an untimely transfer resulting in an assault. In Claim Four, Mr. Gillon asserts a violation of his Fifth Amendment rights by Defendants Nalley and Watts in denying his administrative remedy appeal. Mr. Gillon further asserts Defendant Watts retaliated against him in violation of his First Amendment rights. In Claim Five, Mr. Gillon claims that (1) several different defendants shook his cell door on separate occasions; (2) inside recreation was not "called" when it should have been called; (3) he was fed uncooked chicken on July 12, 2008, and an unripe banana on May 23, 2009; and (4) he was denied pain medication on April 10, 2009. In Claim Six, Mr. Gillon asserts that (1) his locker was left unlocked after shakedowns on several different occasions by different defendants; (2) in general, prison staff harassed him by stealing his property; (3) different staff members refused to make legal copies; (4) he was denied copies of a statement of his commissary purchases from January 2006 to 2009 and of his Inmate TRUFONE account statement; (5) his mail was mishandled, including some mail that was never sent out; (6) prison staff members refused to weigh his mail; (7) an unknown chaplain refused his request for a "Noble Quran;" (8) he was charged with assault, which appears to have been expunged; and finally (9) he was not called for work detail in January 2009.

In Claim Seven, Mr. Gillon asserts that (1) he was given an inedible banana on May 17, 2009; (2) he was denied cleaning supplies and a stapler; (3) he was denied ice cream and hygiene items; and (4) coffee was removed from the commissary list for inmates housed in SHU (Special Housing Unit).

Throughout the Amended Complaint, Mr. Gillon asserts in general that some of the above actions were committed against him in retaliation for filing a civil complaint against the Bureau of Prisons. However, he does not state that the alleged retaliatory motive was the "but for" cause of the retaliation. Mr. Gillon again in the amended Complaint asserts various acts by defendants that state no more than a violation of a program statement or a federal regulation. Furthermore, the Amended Complaint, like the original Complaint, states claims in a narrative format and includes unnecessary commentaries regarding acts that do not state a violation of Mr. Gillon's constitutional rights.

Finally, Mr. Gillon has failed to comply with the federal rules of joinder. Mr. Gillon attempts to tie together the multiple claims, which involve separate incidents committed by fifty-four different individuals, by stating, in all but Claim Five, that his rights against retaliation were violated by the alleged acts. Nonetheless, as stated above, Mr. Gillon does not assert that the retaliatory motives were the "but for" cause of the retaliation.

Upon consideration of the Motion to Alter or Amend and the entire file, the Court finds that Mr. Gillon fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Gillon does not allege the existence of any new law or evidence, and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court remains convinced that the Complaint

and the action were dismissed properly. Even if the Court considers Mr. Gillon's Amended Complaint as timely filed, he still has failed to file an Amended Complaint that complies with the Court's direction within the time allowed. Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Mr. Gillon's Motion to Alter or Amend Judge's Order (Doc. No. 35) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this ___7th___ day of ___July___, 2010.

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO.
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02530-ZLW

Ingmar Gillon
Reg No. 08242-029
USP - Atwater
P.O. Box 019001
Atwater, CA 95301

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  7/7/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk